Stephen E. Carroll, # 116333
MCCORMICK, BARSTOW, SHEPPARD
P.O. Box 28912
5 River Park Place East
Fresno, CA 93720-1501
(559) 433-1300
(559) 433-2300 (facsimile)

Counsel for Plaintiff
ALBERT L. GOOD, an individual doing business as
ALG ENTERPRISES, COACHELLA VALLEY
RANCHES and CASTLE ROCK VINEYARDS

Robert D. Wilkinson  #100478
BAKER, MANOCK & JENSEN, PC
Fig Garden Financial Center
5260 North Palm Avenue, Fourth Floor
Fresno, California 93704
(559) 432-5400
(559) 432-5620 (facsimile)

Randolph D. Moss  (pro hac vice)
Brian M. Boynton  #222193
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
(202) 663-6000
(202) 663-6363 (facsimile)

Counsel for Defendant
THE CALIFORNIA TABLE GRAPE COMMISSION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT L. GOOD, an individual doing business as ALG ENTERPRISES, COACHELLA VALLEY RANCHES and CASTLE ROCK VINEYARDS,<br><br>Plaintiff,<br><br>v.<br><br>THE CALIFORNIA TABLE GRAPE COMMISSION,<br><br>Defendant. | CASE NO. 1:03-cv-06390-OWW-DLB<br><br>STIPULATION AND ORDER REGARDING FORMERLY ESCROWED FUNDS |

1   WHEREAS, on October 7, 2003, Plaintiff Albert L. Good, an individual doing business as
2   ALG Enterprises, Coachella Valley Ranches, and Castle Rock Vineyards ("Good") filed a complaint
3   against Defendant the California Table Grape Commission ("Commission") in *Albert L. Good v.*
4   *California Table Grape Commission*, No. 1:03-cv-06390-OWW-DLB (E.D. Cal.) ("Federal Court
5   Action");
6   WHEREAS, Good's complaint sought, among other things, an order enjoining the
7   Commission from collecting assessments from Good;
8   WHEREAS, pursuant to a stipulation of the parties and an Order signed by the Court on
9   January 8, 2004, Good was permitted, during the pendency of this action, to deposit its assessments
10  into a segregated trust account ("Escrow Account") maintained by the Commission;
11  WHEREAS, on November 9, 2010, Good voluntarily dismissed the Federal Court Action
12  without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i);
13  WHEREAS, on November 29, 2010, the Commission closed the Escrow Account and
14  withdrew approximately $1,901,388.93;
15  WHEREAS, a dispute has arisen as to whether the Commission is entitled to the funds
16  withdrawn from the Escrow Account;
17  WHEREAS, on December 17, 2010, the Commission agreed not to spend or transfer the
18  funds without either mutual written agreement of the parties or a new or confirming court order;
19  WHEREAS, on December 30, 2010, the Commission filed a Motion To Confirm Entitlement
20  to Escrowed Funds;
21  WHEREAS, two other shippers ("Third-Party Litigants") recently had federal actions
22  pending against the Commission under the First Amendment of the United States Constitution and
23  the Free Speech Clause of the California Constitution;
24  IT IS HEREBY STIPULATED by and between the parties herein as follows:
25  1.   The Commission will withdraw its Motion To Confirm Entitlement to Escrowed
26  Funds;
27
28                                              2

2. If all three of the following contingencies occur:

  (a) a Third-Party Litigant voluntarily dismisses its federal complaint against the Commission and files a new action in California state court within two months of the date of this stipulation;

  (b) the Commission enters into a voluntary escrow agreement with the shipper described in paragraph (a) within three months of the date of this stipulation; and

  (c) Good files a California state court action against the Commission reasserting some or all of the claims that it voluntarily dismissed within four months of the date of this stipulation;

then the Commission will permit Good to enter into an escrow agreement with the following terms. If a Third-Party Litigant is permitted to escrow future assessments without penalties, fees, or charges, Good will be permitted to do so as well on comparable terms. If a Third-Party Litigant is permitted to keep past assessments in escrow, Good will be permitted to do so as well on comparable terms, but only up to a maximum of the last two years of assessments starting from the date Good's state court action is filed.

3. If the contingencies specified in paragraph 2 do not occur within the time limits specified in paragraph 2, the Commission will be released from its obligation, under the parties' agreement of December 17, 2010, not to spend or transfer any of the funds still in its possession without either mutual written agreement of the parties or a new or confirming court order.

4. This stipulation shall be modified only by court order or by written agreement of the parties.

5. The Court shall retain jurisdiction over this stipulation and any disputes arising thereunder subject to the following condition. If the parties enter into an escrow agreement after Good files a California state court action against the Commission, that agreement will be set forth in a stipulation filed in that state court action over which the state court will exercise jurisdiction.

Upon the filing of such a stipulation in the state court action, this Court shall cease to retain jurisdiction over the matter.

Dated: January 21, 2011

MCCORMICK, BARSTOW, SHEPPARD

/s/ Stephen E. Carroll (with authorization 1-20-11)
_____
Stephen E. Carroll
Counsel for Plaintiff ALBERT L. GOOD


BAKER, MANOCK & JENSEN, PC

WILMER CUTLER PICKERING
   HALE AND DORR LLP

/s/ Brian M. Boynton
_____
Brian M. Boynton
Counsel for Defendant THE CALIFORNIA TABLE GRAPE COMMISSION

IT IS SO ORDERED.

Dated: **January 24, 2011**              **/s/ Oliver W. Wanger**
                                          UNITED STATES DISTRICT JUDGE

4

STIPULATION AND ORDER REGARDING FORMERLY ESCROWED FUNDS